ACCESS NOW INC., Edward S. Resnick, and Scott Duckson, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

WALT DISNEY WORLD COMPANY, a Delaware Corporation, Walt Disney Parks and Resorts, LLC, a Florida limited liability company, Walt Disney World Hospitality & Recreation Corporation, a Florida Corporation and Lake Buena Vista Communities, Inc., a Delaware Corporation, Defendants.

No. 6:00–CV–961–ORL–19C.

United States District Court,
M.D. Florida,
Orlando Division.

Sept. 17, 2001.

---

Lance P. Richard, Lance P. Richard & Associates, P.A., Stuart, FL, Stephen M. Cody, Miami, FL, for plaintiffs.

Brian C. Blair, Robert S. Fine, Michael A. Sexton, Greenberg Traurig P.A., Orlando, FL, for defendants.

### ORDER

FAWSETT, District Judge.

This case is before the Court on the Plaintiffs Access Now Inc., Edward S. Resnick and Scott Duckson's Motion to Certify Class and Memorandum of Law (Doc. No. 31, filed February 2, 2001); Defendants Walt Disney World Company, Walt Disney Parks and Re-

sorts, LLC, Walt Disney World Hospitality & Recreation Corporation and Lake Buena Vista Communities, Inc.'s Response in Opposition to Plaintiffs' Motion to Certify Class and Defendants' Motion to Strike Class Action Allegations (Doc. No. 41, filed April 23, 2001).

### BACKGROUND:

Plaintiffs Access Now Inc., Edward S. Resnick and Scott Duckson ("Plaintiffs") bring suit against Defendants Walt Disney World Company, Walt Disney Parks and Resorts, LLC, Walt Disney World Hospitality & Recreation Corporation and Lake Buena Vista Communities, Inc. ("Defendants") for disability discrimination under Title III of the Americans with Disabilities Act ("ADA"). *See* (Doc. No. 1). Specifically, the Plaintiffs claim that they have suffered discrimination from the Defendants' failure to remove certain architectural barriers and failure to provide Plaintiffs full and equal access to all of Defendants' goods, services and programs located at all of Defendants' facilities.[1]

Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) Plaintiffs move the Court to certify the case as a class action. Defendants oppose Plaintiffs' Motion to Certify and have also moved to strike the class action allegations in the Complaint. *See* (Doc. No. 41).

### LEGAL ANALYSIS:

#### *Rule 23(a) Requirements*

In order to obtain class certification, the Plaintiffs must demonstrate that the proposed class meets the general class certification requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure. *See Gilchrist v. Bolger,* 733 F.2d 1551, 1556 (11th Cir.1984). Rule 23(a) includes the following prerequisites to class certification:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class [commonality], (3) the claims or defenses of the representative parties are

---

1. The Defendants' facilities at issue include fifteen hotels, two theme parks and a monorail system. *See* (Doc. No. 1, at 7–117).

typical of the claims or defenses of the class [typicality], and (4) the representative parties will fairly and adequately protect the interests of the class.

*Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir.1992) (quoting Fed.R.Civ.P. 23(a)).

A proposed class seeking injunctive relief, as the Plaintiffs are in this case, must also satisfy Rule 23(b)(2) by demonstrating that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

■ Class action determinations under Rule 23 should be based on allegations set forth in the complaint, accepted as true, and not upon inquiry into the merits of Plaintiffs' claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Although Plaintiffs need not prove the merits of their claims at this stage, they must provide more than bare allegations that the requirements of Rule 23 are satisfied. *See id.* Courts should examine "the factors necessary to a reasoned determination of whether a plaintiff has met [his] burden of establishing each of the Rule 23 class action requirements." *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir.1984).

■ It is well-settled, however, that prior to the certification of a class and before undertaking any typicality or commonality review, the Court should determine that the named Plaintiffs have Article III standing to raise each class claim. *See Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir.2000). "Only after the court determines the issues for which the named plain-

tiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987).

■ Accordingly, the Court must address whether the named Plaintiffs, Resnick and Duckson, have standing to assert all the claims alleged in the Complaint. The Defendants have submitted deposition testimony from which they challenge both Resnick's and Duckson's standing to bring the claims on behalf of the class. Specifically, the Defendants contend that the Plaintiffs have not sufficiently experienced the alleged ADA discrimination at all of the Defendants' facilities.[2] *See* (Doc. No. 41). Furthermore, the Defendants claim that any claims asserted by Duckson are barred by the statute of limitations as Duckson's only visit to Defendants' facilities in which he experienced discrimination was in 1993.[3]

The Court recognizes that there are factual discrepancies between the Complaint and the deposition testimony as they relate to the issue of standing. Furthermore, the Court must decide if the Plaintiffs have standing to bring the relevant claims on behalf of the proposed class. As the allegations in the Complaint appear to be contradicted by deposition testimony, the Court finds that an evidentiary hearing is necessary to the determination of standing and also the issue of class certification. The Court cannot accept the allegations in the Complaint as true when they are apparently contradicted by deposition testimony.

Accordingly, the Court finds that an evidentiary hearing shall be held on September 24, 2001 at 1:00 p.m. during which the Court

---

**2.** The Court notes that the Complaint and the deposition testimony presented by the Defendant are in apparent conflict in some places. Specifically, the Complaint states that Duckson was subjected to discrimination at the Defendants' facilities between August 1, 1996 and July 20, 2000. *See* (Doc. No. 1, at 5). However, the deposition testimony reflects that the Duckson only experienced discrimination at the Defendants' facilities during his visit in 1993. *See* (Doc. No. 43, 17–18, 44). Furthermore, in his deposition, Duckson states that he has only visit-

ed two of the Defendants' eighteen facilities. *See* (Doc. No. 43, 92–101).

**3.** The possibility of a statute of limitations defense against a named Plaintiff is relevant to the typicality inquiry the Court performs in the class certification analysis. Specifically, typicality of claims between the named plaintiff and the proposed class may not be present if a named Plaintiff is subject to a unique defense, such as statute of limitations.

will hear testimony regarding the issue of standing and class certification.